UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN HALEY, <br><br> Plaintiff, <br><br> vs. <br><br> CDCR, et al., <br><br> Defendants | Case No. 1:13 cv 00226 AWI GSA PC <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT <br><br> AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

This action proceeds on the March 13, 2013, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Sierra Conservation Center at Jamestown, brings this civil rights action against the CDCR and correctional counselors Williams and Thompson, employees of the CDCR at Jamestown.

Plaintiff was received into the CDCR on July 27, 2012, at North Kern State Prison. Plaintiff alleges that he "never intimated or admitted to being in any gang nor has Plaintiff admitted to being an associate to any gang member(s)."

On October 10, 2012, Defendant Thompson interviewed Plaintiff and advised him that he had 46 classification points. On January 4, 2013, Plaintiff was transferred to the Sierra Conservation Center. On January 16, 2013, Plaintiff appeared before the Institutional Classification Committee (ICC). At this hearing, Defendant Williams advised Plaintiff that he was being assessed 46 points, and that he would receive his score sheet in the mail. Plaintiff told Williams that he believed the score was wrong. Williams responded that he would look into it.

On January 18, 2013, Plaintiff received his classification score sheet, CDC Form 839, which classified Plaintiff "as a member and/or associate of a Black street gang/disruptive group."

As a result, Plaintiff was assessed six additional classification points, and put into a higher security risk custody status. On January 23, 2013, Defendant Williams sent to Plaintiff a CDC Form 128G, summarizing the ICC hearing of January 16, 2013. Plaintiff alleges that Defendant Williams denoted Plaintiff as an active member or associate of the "Street Terrorist Three Top Piru Blood Gang." Defendant Williams noted that Plaintiff agreed with the findings. Plaintiff alleges that both Defendants Thompson and Williams know that "there is no direct evidence linking Plaintiff to any current active members of any street terrorist gang or disruptive group."

### A. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kennan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996)(quoting Sandin, 515 U.S. at 484.

Plaintiff alleges that as a result of the decision to validate him as a gang member, he has been placed in a "higher security risk custody status." Plaintiff has not alleged that he has been placed into Administrative Segregation, the Security Housing Unit, or any other housing that may constitute an atypical and significant hardship.

### B. Gang Validation

"It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity." Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003). To that end, California has developed procedures to identify and segregate gang members. See Cal.Code Regs., tit. 15 § 3378. To comply with due process, prison officials must provide the inmate with "some notice

3

of the charges against him, and the opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation.  Bruce, 351 F.3d at 1287.  Here, Plaintiff was notified of the charges against him, was informed of the evidence indicating his status as a gang member, and was given an opportunity to respond.  That procedure satisfied due process.  Barnett v. Centoni, 31 F.3d 813, 815 (1994).

Plaintiff alleges that he appeared before the ICC on January 16, 2013.  Although Plaintiff disagrees with the finding of the ICC, he does not allege any facts suggesting that he was not afforded due process as that term is defined above.  This claim should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

### C.   CDCR

Plaintiff names as a Defendant the California Department of Corrections and Rehabilitation.  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   The CDCR, as an agency of the state, is therefore immune from suit.

### III.   Conclusion and Order

4

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file a second amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 15, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE