UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN L. HALEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | 1:13-cv-00226-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 15.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

Donovan L. Haley ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 13, 2013. (Doc. 1.) On March 13, 2013, Plaintiff filed the First Amended Complaint. (Doc. 12.)

The court screened the First Amended Complaint under 28 U.S.C. § 1915A and entered an order on May 15, 2014, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 14.) On June 12, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 15.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Sierra Conservation Center (SCC) in Jamestown, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the Second Amended Complaint allegedly occurred at North Kern State Prison (NKSP) in Delano, California, and SCC. Plaintiff names

as defendants the CDCR, C. Williams (Correctional Counselor, NKSP), J. Thompson (Correctional Counselor, SCC), and Heidi M. Lackner (Warden, SCC) (collectively "Defendants"). Defendants Williams, Thompson, and Lackner were all employed by the CDCR at NKSP or SCC at the time of the events at issue.  Plaintiff's factual allegations follow.

Plaintiff entered the custody of state prison officials on July 27, 2012, as a non-street-gang member or associate.  On October 11, 2012, while Plaintiff was housed at NKSP, defendant Thompson handed him a piece of paper which stated that Plaintiff had 46 classification security points.

On January 4, 2013, Plaintiff was transferred to SCC into the custody of defendant Warden Heidi Lackner.  On January 16, 2013, Plaintiff went before the Initial Classification Committee with defendant Williams officiating.  Williams stated, "Inmate Haley is assessed 46 classification score points." (Second Amended Cmp (2ACP) at 4 ¶13.)  Plaintiff replied that he believed the score was wrong, and defendant Williams said he would review the file to check on it.

On January 18, 2013, Plaintiff received a CDCR 839 Classification Score Sheet which listed Plaintiff as a member or associate of "a Black Street Gang/Disruptive Group." (2ACP at 4 ¶16.)  On January 16, 2013, defendant Williams typed an official state document characterizing Plaintiff as a "Current Active Member and/or Associate "of the Street Terrorist Tree Top Piru Blood Gang." (Id. ¶17.)  On January 23, 2013, defendant Williams sent Plaintiff a CDCR 128G, summarizing the January 16, 2013 committee hearing, in which defendant Williams wrote, "I/M Haley agrees with the findings." (Id.)  Plaintiff is not a gang member or associate of any gang.  Plaintiff is a Christian man.

Defendants used twenty-year-old documents to classify Plaintiff as a gang member, without affording him due process under his current CDCR number, violating the California Constitution and the Fourteenth Amendment.  California regulations mandate prison officials to follow specific due process, which Defendants ignored.

Defendant CDCR failed to properly train its employees concerning gang designations, violating Plaintiff's civil right to be free of defamatory characterization.  Defendants violated

laws protecting Plaintiff's liberty interest against erroneous and defamatory classification, by introducing false information into Plaintiff's case file and acting on the false information.

As a result of Defendants' conduct, Plaintiff suffers injury because he must wear a GPS ankle bracelet and submit to a tracking program. Plaintiff is also subject to maximum security high-power custody, parole supervision which severely limits Plaintiff's travel and housing options, and more physical restrictions than non-gang-member designated inmates.

Plaintiff requests monetary, declaratory, and injunctive relief and costs of suit.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Defendant CDCR

Plaintiff names the CDCR as a defendant. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d

4

1040, 1045 (9th Cir. 1989 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

### B.      Defendant Warden Heide M. Lackner – Supervisory Liability and Personal Participation

Plaintiff names as defendant Warden Heide M. Lackner, who holds a supervisory position. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-67. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045; accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts demonstrating that Warden Lackner personally participated in or directed constitutional violations or knew of the violations and failed to prevent them. Therefore, Plaintiff fails to state a claim against Warden Lackner.

### C.      Due Process

The Due Process Clause protects Plaintiff from being deprived of life, liberty, or property without the procedural protections to which he is entitled under the law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); also see Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Id. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due

Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  If a protected interest is identified, the inquiry then turns to what process is due.  Wilkinson, 545 U.S. at 224.

Plaintiff alleges that he has a protected interest against being defamed, having false information in his case file, and the effects of gang classification such as being subjected to higher level of custody, being required to wear a GPS ankle bracelet and participate in a tracking program, and being limited in his travel and housing when on parole.

Plaintiff has no protected liberty interest in his future rights on parole that he does not presently possess as a convicted prisoner.  See Bagley v. Harvey, 718 F.2d 921, 924 (9th Cir. 1983).  Thus, Plaintiff has no protected interest against being required to wear a GPS ankle bracelet and participate in a tracking program, or against limitations in his travel and housing on parole.

The falsification of disciplinary reports does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue.  The Constitution demands due process, not error-free decisionmaking." Id. (citing Ricker v. Leapley, 25 F.3d

1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against being defamed or having false information in his file.

As for the effects of gang classification, "[i]t is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity." Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003). To that end, California has developed procedures to identify and segregate gang members. See Cal.Code Regs., tit. 15 § 3378. To comply with due process, prison officials must provide the inmate with "some notice of the charges against him, and the opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Bruce, 351 F.3d at 1287. Here, Plaintiff was notified of the charges against him, was informed of the evidence indicating his status as a gang member, and was given an opportunity to respond. That procedure satisfied due process. Barnett v. Centoni, 31 F.3d 813, 815 (1994). Plaintiff alleges that he appeared before the ICC on January 16, 2013. Although Plaintiff disagrees with the finding of the ICC, he does not allege any facts suggesting that he was not afforded due process as that term is defined above.

### D. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### E. Eighth Amendment Violation

Plaintiff alleges that defendants violated the Eighth Amendment of the U.S. Constitution when they illegally classified him as a gang member or associate.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective."  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995).  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'"  Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments

///

Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

Plaintiff's gang validation does not rise to the level of an Eighth Amendment violation. Moreover, Plaintiff has not alleged facts showing that any of the Defendants acted or failed to act while knowing about and deliberately disregarding a substantial risk of serious harm to Plaintiff. Therefore, Plaintiff fails to state a claim under the Eighth Amendment.

### F. Unconstitutional Policy

To state a claim against defendants under section 1983, Plaintiff must allege some facts indicating that defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor, 880 F.2d at 1045. Here, Plaintiff alleges that a statewide policy exists "which illegally classifies inmates, including Plaintiff, as members and/or associates of street terrorist gangs and known civil disruptive groups." (2ACP at 1:23-25.) However, Plaintiff has not identified such a policy or alleged that any of the Defendants promulgated or implemented the policy. Therefore, Plaintiff fails to state a claim based on an unconstitutional state policy.

### G. State Law Claims

Plaintiff brings claims against defendants for negligence, state civil rights, defamation, failure to train and supervise employees, and violation of state regulations and the state constitution. Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the Second Amended Complaint. Therefore, Plaintiff's state law claims fail.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and
2. This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 7, 2015**           **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE